UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALIEU DURA WURIE,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER,<br>Respondent. | No. 1:26-cv-02947-DC-EFB<br><br>FINDINGS AND RECOMMENDATIONS (ECF No. 1) |

Petitioner is a noncitizen alien who was formerly detained in an immigration detention facility, who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. As discussed below, petitioner was released from respondent's custody pursuant to an order of the court earlier this year. Pending before the court is the petition, ECF No. 1, which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. ECF No. 8. For the reasons set forth below, the undersigned recommends the petition be granted.

## BACKGROUND

### A. Factual Background

In his petition for writ of habeas corpus, petitioner alleges he is a citizen of Sierra Leone who entered the United States in March 1990. ECF No. 1 at 4. On January 23, 2023, an Immigration Judge entered an order of removal against him. *Id.* At the time, he was under a supervised release program that included check-ins with Immigration and Customs Enforcement

(ICE). *Id*. at 4-5. On January 22, 2026, petitioner appeared at a regular check-in appointment and was arrested by ICE agents. *Id*. at 5. At the time of the filing of his petition, petitioner remained in custody and had not been given any individualized custody review to assess whether his removal was reasonably foreseeable and whether his ongoing custody was legally justified. *Id*.

In the answer to the petition, respondent does not dispute these factual allegations, except to represent that petitioner was ordered removed by an Immigration Judge in 2002. ECF Nos. 7, 12.

**B. Procedural Background**

Petitioner initiated this proceeding with a petition for writ of habeas corpus, on April 20, 2026, ECF No. 1, and, the same day, filed a motion for temporary restraining order. ECF No. 2. On April 20, 2026, the court ordered respondent to file an opposition or statement of non-opposition, in which he was to "substantively address whether there are any factual or legal issues in this case that materially distinguish it from the court's prior orders" in *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771 (E.D. Cal. July 16, 2025), *Vuong v. Becerra*, 1:25-cv-01847-DC-CSK, 2025 WL 3707172 (E.D. Cal. Dec. 22, 2025), and *El-Ghazaly v. Chestnut*, 1:25-cv-01621-DC-CKD, 2025 WL 3485030 (E.D. Cal. Dec. 4, 2025). ECF No. 4.

In response, on April 24, 2026, respondent filed an opposition to the motion for temporary restraining order. ECF No. 7. On May 6, 2026, the district judge granted the motion for temporary restraining order; ordered respondent to release petitioner from custody; and enjoined respondents from re-detaining petitioner absent certain protections. ECF No. 8. By the same order, the court referred the matter to the undersigned. *Id*.

On June 12, 2026, respondent filed an answer to the petition. ECF No. 12. The court considers the matter submitted. *See* ECF No. 10.

**DISCUSSION**

For the reasons set forth in the Court's May 6, 2026 minute order granting the motion for temporary restraining order, *see* ECF No. 8, which the undersigned adopts and incorporates as if separately set forth herein, it is recommended that petitioner's § 2241 application be granted on

the first claim of the petition, alleging that petitioner's prolonged detention violates the Immigration and Nationality Act. *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3-6 (E.D. Cal. July 16, 2025).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus (ECF No. 1) be granted on his first claim for relief.

2. The preliminary injunctive relief previously granted be made permanent.

3. Judgment be entered in favor of petitioner.

4. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 12, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE